O’NIELL, J.
Appellant was indicted and tried for the crime of shooting with intent to murder, and was found guilty of shooting with intent to kill. His attorney filed a motion to have the verdict set aside and a new trial granted, because the jury had taken into their room, and had written the verdict upon, a certified copy of the indictment instead of the original document. The motion was overruled, and a bill of exceptions was taken to the ruling.
It appears that the copy of the indictment, to which was attached a printed list of the *783 jurors drawn for tlie term of court, had been prepared for service upon the defendant, and the document was in his attorney’s possession during the trial. The attorney inadvertently left the document on the judge’s bench. Taking it for the original indictment, the judge, at the conclusion of his charge to the jury, handed the document to one of the jurors, directing that the verdict should be written on the back of the indictment, if the jury should conclude to render a written verdict. When the verdict was rendered, it was read aloud by the clerk of court, the jury was polled, and each juror affirmed the verdict as read. Inasmuch as the verdict could legally have been pronounced orally, the written verdict on the back of the copy of the indictment may be disregarded, and the affirmance of the verdict by the polling of the jury may be regarded as an oral pronouncement of the verdict. Aside from that view, wo see no reason for annulling the verdict, merely because it was written on a certified copy of the indictment instead of being written on the original, or because the jury had the copy of the indictment instead of the original during the deliberations. It is not disputed that the copy of the indictment was a true and correct copy; nor is it disputed that the verdict complained of is the verdict that was rendered by the jury.
The verdict and sentence appealed from are affirmed.